UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARSHALL A. DRAYTON, II,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 24-cv-1800 |
| : | |
| **PHILADELPHIA PRISON** : | |
| **SYSTEMS, et al.,** : | |
| Defendants. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**  May 16, 2024
**United State District Judge**

Plaintiff Marshall A. Drayton, II, brings this *pro se* civil action alleging violations of his civil rights. Named as Defendants are: the Philadelphia Prison Systems, the Philadelphia Prison Department, the House of Corrections, and the Philadelphia Detention Center. He has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Drayton leave to proceed *in forma pauperis* and the case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Drayton will be given an opportunity to file an amended complaint.

I. **FACTUAL ALLEGATIONS**[1]

The allegations in Drayton's Complaint are quite brief. Asserting federal question and diversity of citizenship as the basis of this Court's jurisdiction, Drayton claims that he was housed in over-crowded prisons and in a condemned building on February 6, 2017, October 19, 2017, and December 27, 2023. (Compl at 3-4.) Due to the conditions, Drayton alleges that he

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

has an enhanced probability of suffering health problems, including asthma, from breathing in unclean air.  (*Id.* at 5.)  As relief, he seeks monetary damages.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Drayton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Drayton is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).

**III.   DISCUSSION**

The Court understands Drayton to assert that his constitutional rights were violated when he was confined at the Philadelphia House of Corrections and the Detention Center due to the conditions there.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Drayton's Complaint, even when liberally construed, fails to state a plausible conditions of confinement claim.  Drayton names as Defendants the House of Corrections and the Philadelphia Detention Center.  Drayton's § 1983 claims against these Defendants must be dismissed because a jail is not a "person" under § 1983.  *See Beaver v. Union Cnty. Pennsylvania*, 619 F. App'x 80, 82 (3d Cir. 2015) (*per curiam*) (affirming dismissal of claims against Northumberland County Prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).  Similarly, Drayton's claims against the Philadelphia Prison Systems, and the

Philadelphia Prison Department, must be dismissed.  As the United States Court of Appeals for the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983.  *Russell v. City of Philadelphia*, 428 F. App'x 174, 177 (3d Cir. 2011) (*per curiam*) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257).  Because the Philadelphia Prison System is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Drayton's claims against it, and the Philadelphia Prison Department, are dismissed.

Additionally, Drayton's claims are presented in a wholly conclusory manner.  He has failed to present any facts regarding the conditions about which he claims violated his rights.  Consequently, Drayton has not met the *Iqbal* pleading standard with respect to any potential claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Drayton's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Drayton will be given leave

to file an amended complaint, to the extent he can present a claim against an appropriate defendant.[2]  An appropriate Order follows, which provides further instruction as to amendment.

                                     **BY THE COURT:**

                                     */s/ Joseph F. Leeson, Jr.*
                                     **JOSEPH F. LEESON, JR.**
                                     **United States District Judge**

---

[2] Drayton's allegations from based on events that occurred in 2017 may be time barred.  To the extent that Drayton seeks to raise a claim pursuant to 42 U.S.C. § 1983, the timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two years.  *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Thus, limitations period applicable to Drayton's § 1983 claims is two years.  Drayton filed this Complaint on April 26, 2024.  Drayton should be mindful of this limitation should he decide to take advantage of the Court's granting him leave to file an amended complaint.